**EPLEY v. EPLEY et al.**

Court of Appeals of Kentucky.
May 30, 1952.

Rehearing Denied Oct. 24, 1952.

J. Granville Clark, Russellville, for appellant.

G. S. Milam, Russellville, for appellees.

MOREMEN, Justice.

Appellant, Boyd Epley, filed petition in the circuit court by which he sought an adjudication that certain real and personal properties were held in trust for him by appellees and asked that they be required to convey this property to him. A special demurrer was sustained to the petition, appellant declined to plead further, and judgment was entered dismissing the petition.

On appeal the parties have briefed this case as if the special demurrer presented all questions which might have been raised by both a special and a general demurrer and, since they have so proceeded, we will decide the case on the points raised. This court has, on occasion when the condition of the facts and pleadings demanded it, treated a special demurrer as being capable of raising questions usually summoned by a general demurrer alone. Poulos v. Stewart, 313 Ky. 812, 233 S.W.2d 994.

Appellant bases his claim upon the averment that in September, 1937, Theodore L. Epley and his wife, Nannie M. Epley, executed a joint will and,

"That the provisions of this will were in pursuance to an agreement and contract entered into by and between Theodore L. Epley and his wife, Nannie Epley, to the effect that they each would will their property to the other; and at the death of both of them, all of the property owned by either of them would go to Boyd Epley and that said joint will contained provisions in sum and substance to that effect."

It was further alleged that upon the death of Theodore L. Epley, Nannie Epley,

through fraud or inadvertence, caused to be probated (on December 6, 1937) a prior will that had been executed by Theodore L. Epley on February 20, 1928, which instrument bequeathed and devised all of his property to his wife; that some nine months before Nannie Epley died, intestate, in November, 1950, she destroyed the alleged joint will, which action was a breach of contract.

The trial court sustained a special demurrer to the petition on the ground that the court had no jurisdiction of the subject matter of the action in that no appeal was ever prosecuted from the order of the Logan County Court probating the 1928 will of Theodore Epley. Appellant insists that his suit is based upon the theory that the husband and wife contracted for the execution of a joint will which impressed the estate with a trust for the use and benefit of the legatees; that it is this use which appellant is seeking to enforce, and relies principally upon the case of Watkins v. Covington Trust and Banking Co., 303 Ky. 644, 198 S.W.2d 964, 966, wherein it was said:

> "It seems to us that, where a joint will is found to be based upon a contract, the estate is impressed with a trust for the use and benefit of the legatees in the joint will, and while the survivor may revoke the joint will the legatees under it may go into a court of equity and enforce the trust."

In the prior cases of Maloney v. Maloney, 258 Ky. 567, 80 S.W.2d 611, and Gibson v. Crawford, 247 Ky. 228, 56 S.W. 2d 985, we had held that oral contracts to devise property come within the inhibition of the statute of frauds and therefore may not be enforced. However, in the Watkins case we apparently held that where the parties actually execute a formal joint will, this instrument itself is a sufficient monument to the agreement between the parties. In that case there was no question about the terms of the will or its execution. The

pertinent parts of the instrument itself are quoted verbatim in the opinion.

This court has imposed rigid requirements of pleading and proof in cases involving lost or destroyed wills because of the ease with which a testator may revoke a will up to the time of his death.

We are presented with the question of whether appellant has conformed to the requirements of our rules relating to the establishment by pleading and proof of a lost or destroyed will. If the terms of the will are not properly alleged, it follows that the contract is not correctly averred.

We have often held, as pointed out in the case of White v. Brennan's Adm'r, 307 Ky. 776, 212 S.W.2d 299, 300, 3 A.L.R.2d 943, that "proponents must show: (1) due execution of the alleged will, (2) its loss or misplacement, (3) its contents, and (4) continued recognition of the will by the testator or other acts on his part showing its non-revocation." If in this case the alleged written will itself was in existence, at least one of the above requirements would have been met. However, the petition only alleges that the joint will was executed and that the provisions were in pursuance to an agreement to the effect that each would will the property to the other and at the death of both of them the property would go to Boyd Epley and "said joint will contained provisions in sum and substance to that effect." There is no allegation that testator continued to recognize the will up to the time of his death.

This petition, which requests specific performance of a contract, does not allege with certainty and definiteness the terms of the contract which is sought to be enforced, and particularly does it fail in this respect when the allegations are tested with requirements of the rules pertaining to lost or destroyed wills. We are of opinion that the court was correct in sustaining a demurrer to the petition. The judgment is therefore affirmed.