44 So.2d 17
**LOCKHART v. O'NEAL.**
5 Div. 484.

Supreme Court of Alabama.
Feb. 2, 1950.

Walker & Walker and R. C. Smith, of Opelika, for appellant.

Walter B. Venters, of Opelika, for appellee.

BROWN, Justice.

The appellee, Crawford O'Neal, sought by his original and amended bill filed in the Circuit Court of Lee County, in Equity, as original contractor, to enforce against the appellant, Eddie B. Lockhart, a lien against real estate of the respondent in Opelika, Lee County, Alabama, under the provisions of Code of 1940, Title 33, § 37 et seq. See specially Code of 1940, Title 33, § 52. The final decree from which this appeal is prosecuted denied the complainant relief in so far as he sought to establish and foreclose a lien on the property described in his amended bill because of the insufficiency of the description contained in the verified statement of the claim filed in the office of the Judge of Probate of Lee County, as required by § 41, Title 33, Code of 1940. Nevertheless, the court granted relief to the extent that the complainant have and recover of the respondent under the general prayer of the bill $200.00 "for work and labor" done on respondent's dwelling house on which he sought to establish a mechanic's lien. The question presented by this appeal is whether a complainant can in equity recover a money judgment only against a respondent where he evoked the jurisdiction of the court of equity to establish a lien against property of the respondent but failed to establish the lien because of the insufficiency of the description of the property in the statement filed in the office of the judge of probate on which said lien was claimed.

The appellant's contention here is that when the court determined that the claim of lien filed in the office of the judge of probate was not a sufficient compliance with the statute that the court's jurisdiction there terminated except to dismiss the bill and tax the costs against complainant. That the court was powerless to grant a personal decree for the work and labor performed in carrying out the contract between the parties for which he had an adequate remedy at law.

 It is well settled that though the complainant may fail to establish his claim of lien he may have a money decree against the owner and contractee for the work and labor performed or material furnished. Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360; Code of 1940, Title 33, § 52.

The hearing was before the court on testimony given *ore tenus* and there was evidence sufficient to warrant the conclusion of fact stated in the decree.

We find no error on the record.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.