## Poulos v. Stewart et al.

Oct. 31, 1950.

E. D. Stephenson, Judge.

V. R. Bentley, for appellant.

J. E. Sanders, for appellees.

JUDGE CAMMACK—Affirming in part, reversing in part.

This appeal is from a judgment sustaining a special demurrer to the petition of the appellant and dismissing his petition. We think the special demurrer was properly sustained, but that it was error to dismiss the petition.

The action was brought in Pike County against Denver Stewart, George Hereford and Jack Abshire, trading and doing business as partners in the New Drive-In Theatre. The defendants are residents of Pike County, but the Drive-In Theatre is located in Floyd County. It was alleged that the appellant had furnished electrical equipment to the appellees which was installed in the Drive-In Theatre; that the Theatre was located upon land leased by the appellees in Floyd County; and that a materialman's lien had been duly filed in Floyd County. The petition set forth further:

"Plaintiff states that the interests of the defendants he seeks to subject in the property aforesaid is confined to the building and improvements located on the said land of Cyntha Mae Porter aforesaid, and that any claim or right of the lessors in the said leasehold is inferior to that asserted by it and superior to all other claims that have heretofore or that may hereafter be asserted against the said improvements on said land except lien for taxes due and unpaid."

Judgment was prayed against Denver Stewart, George Hereford and Jack Abshire jointly and severally for the cost of the electrical equipment. It was prayed further that: "* * * the plaintiff be adjudged a first and prior lien on the above mentioned property and improvements, and that said property be ordered sold to satisfy the said indebtedness; or that if the said property be held to be too valuable to sell to satisfy the plaintiff's said lien that a receiver be appointed and said property rented out, and that the proceeds thereof be paid into this court and applied to the debt of this plaintiff, and for all proper relief to which it may appear proper to the court, including its costs herein expended."

Since the appellant questions the sufficiency of the demurrer, we quote it herein: "The defendants, Denver Stewart, George Hereford and Jack Abshire, trading and doing business as partners, in the New Drive-In Theatre, demur specially to plaintiff's petition, and for grounds assign that sufficient facts are not set up in said petition to constitute a cause of action against these defendants or either of them, or to authorize the court to take jurisdiction of this action.

"Wherefore: Defendants pray that said action be dismissed, and that the court find that he does not have jurisdiction of the parties herein."

While the demurrer was ineptly drawn, we think it was sufficient to question the petition both as to whether it stated a cause of action and as to whether the court had jurisdiction of the action. The special demurrer directed the attention of the court to the lack of jurisdiction of the parties. While the court did not rule as to whether the petition stated facts sufficient to constitute a cause of action, he did dismiss the petition,

which produced the same result as though a general demurrer had been sustained to it.

The appellant sought and was entitled to a personal judgment against the appellees. On the other hand the foregoing quotations from the petition and the prayer thereto show clearly that he sought to enforce a lien upon real estate in Floyd County. This he could not do under Section 62 of the Civil Code of Practice.

The judgment is affirmed in part and reversed in part.