**237 P.2d 470**

**PHOENIX TITLE & TRUST CO. et al. v. GARRETT.**

No. 5188.

Supreme Court of Arizona.

Nov. 13, 1951.

Whitney, Ironside & Whitney, of Phoenix, for appellants.

William H. Burrus, of Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment against appellants and from an order denying their motion for a new trial.

The facts are that in March, 1947, appellants John Cundiff, Willard H. Nelson, Ruth Hallas and Ernest Kneale were the owners of a tract of land located near Phoenix consisting of approximately 125 acres which they wished to have surveyed and platted "preparatory and preliminary to the erection of dwelling houses in the development and subdividing of said property."

Working to this end the above owners conveyed the property to appellant Phoenix Title & Trust Company as trustee, presumably to facilitate the efficient handling of sales and conveyances of homes, etc.

Appellant Cundiff contacted a civil engineer residing in Phoenix by the name of Lang with whom he was acquainted and sought to procure his services in surveying and platting the premises above mentioned. Lang was unable to do the work because of regular employment with a contracting firm but later recommended A. R. Garrett, ap-

pellee, as being competent to do the work. Shortly thereafter appellants Cundiff and Nelson met Lang and appellee upon the premises at which time and place an oral agreement was reached as to the character of the survey to be made, the size of the lots to be platted and the time within which it could reasonably be expected to be completed.

Nothing was said concerning the cost of the work to be done and there is a conflict in the evidence as to just what was said concerning who was to make the survey. Appellants claim they understood Lang was to make it, and appellee, supported by the testimony of Lang, asserted that it was agreed that appellee was to do the work. We deem this to be of no importance, however, in the determination of the issues involved.

Appellee made the survey and platting of the premises and presented a bill to appellants through appellant Cundiff for the sum of $1780 for the work done. This bill was not paid and appellee, within the time prescribed by statute, filed a laborer's and materialmen's lien against the premises and thereafter within 6 months from the date of filing such lien, instituted an action in the superior court of Maricopa County for the recovery of the amount claimed and for the foreclosure of his claim of lien against the premises.

The case was tried to a jury and a verdict rendered in favor of appellee for the full amount of his claim

The court, being of the view that the question of the validity of the laborer's and materialmen's lien was a question of law, did not submit that question to the jury but expressly reserved it for the court's subsequent determination. The record fails to show any specific ruling on this question but the fact that the court later entered judgment for appellee only for the amount of his claim and failed to include an order therein for a foreclosure of his claimed laborer's and materialmen's lien compels the conclusion that the court deemed such lien to be invalid. We agree with this decision.

We held in the case of Waara v. Golden Turkey Mining Co., 60 Ariz. 252, 135 P. 2d 149, 152, 149 A.L.R. 677, that the claim of a civil and mining engineer based upon work very similar to that performed in the instant case originated both out of labor and professional services; that the claim based upon the labor performed by him was lienable if properly separated from the portion of the claim based upon professional services. The court pointed out the difference between professional services of a civil and mining engineer and manual labor, expressly holding that professional services do not fall within the purview of the lien statute and are therefore not lienable.

In that case as in the instant case the claims for labor performed and professional services rendered were commingled. The court concluded its opinion as follows:

"The work performed by the appellant was under entire contracts, that is, he was to receive a certain sum per day or lump sums for his services, those professional and for which he is not entitled to a lien, and those for manual labor, lienable under the law. Just how these should be apportioned the law is unable to say, when they are commingled as here. For that reason, we conclude any claim of lien is void."

In the instant case there was no express contract as to the amount appellee was to be paid but his claim is based upon the reasonable value of the work performed by him. The claim of lien is for a lump sum of $1780 based upon the reasonable value of both professional services and labor performed. We reaffirm the above statement of the law in the Waara case, supra, and hold that the court correctly declined to recognize appellee's claim of lien as being valid.

Appellants, however, contend that if the lien falls, the whole cause of action is carried down with it. The assignments of error indicate that their entire case is based upon this proposition of law. That precise question was presented to this court in the case of Palmer v. Apperson, 70 Ariz. 35, 215 P.2d 1020, and decided adversely to appellants' contention. We adhere to the views expressed in that case which we believe to be sound and in harmony with the majority rule.

Judgment Affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.