[Civ. No. 8104.   Third Dist.   Aug. 22, 1952.]

J. W. ROBINSON et al., Respondents, v. FRED PEARDON, Appellant.

Rich, Carlin & Fuidge for Appellant.

Manwell & Manwell for Respondents.

SCHOTTKY, J. pro. tem.—Plaintiffs commenced an action upon a common count for labor and materials furnished to defendants. Judgment was rendered in favor of plaintiffs against defendant Peardon for $810.20 and against defendant McCue for $22. Defendant Peardon has appealed from the judgment.

Appellant, Peardon, is the owner of a building located on Third and Oak Streets, Marysville, California. McCue, the codefendant in the action, was the lessee of the downstairs portion of the building which he operated as a restaurant and bar. The upstairs was retained by the appellant and operated as a rooming house. In 1949 a fire occurred in the restaurant, causing damage to the building in both the leased and retained areas. The respondents did the painting work in the repairing of the premises. The total bill for their work was $2,590.06, of which all but $1,030.20 had been paid. No question is raised as to the reasonableness of the amount.

Appellant contends he, as owner, is not liable personally upon the failure to establish a lien against the premises by one performing work or furnishing materials. Although the principle of law is as stated by appellant, it is not applicable to the instant case as the court found that the work was performed at the special instance and request of appellant, and the sole question to be determined upon this appeal is whether or not the evidence is sufficient to support that finding.

Appellant's argument upon the question of the sufficiency of the evidence is but an argument as to the weight of conflicting evidence, and we are bound by the familiar and oft-declared rule that before an appellate tribunal is justified in reversing a judgment for insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment. Applying this rule to the instant case, we find ample support for the judgment.

There is testimony to the effect that immediately after the fire a conference was held in the alley adjoining the building at which appellant Peardon, respondent J. R. Robinson, McCue, Johnson, an insurance adjuster, and Otto, the general

contractor on the repair job, were present. The following appears in Otto's testimony:

"Q. Now, tell us just what happened, Mr. Otto, as you remember it. A. Well, our final authorization to go ahead was made right in the alley alongside the building with Mr. Peardon and Mr. McCue and Mr. Johnson and Robinson and myself were there together, and the authorization that I naturally looked for is from the owner, although the insurance man has to coordinate the job and put his okay to do repairs.

"Q. This Mr. Johnson, do you know who he was, Curt? A. He is the adjuster, yes, sir.

"Q. And do you recall what orders if any he gave? A. Well, he will okay a job to go ahead any time it is in line with the repairs. On a job like that he can't authorize as far as the—the owner has to authorize the job, he can't do that but I looked to the owner for the award of a job.

"Q. I see, and the owner was who? A. Mr. Peardon.

"Q. And do you know who told Mr. Robinson to go ahead? A. Well, he authorized Robinson.

"Q. But on Mr. Peardon's and Mr. Johnson's say so? A. Yes.

.   .   .   .   .   .   .   .   .   .   .   .

"Q. Well, I don't mean who you looked to, I mean as to who directed the work. A. I looked to the owner for my instructions.

"Q. Yes, but I believe you testified that you got the instructions for the downstairs work from Mr. McCue, did you not? A. Well, he authorized it also, he and Peardon were together when the authorization was made.

.   .   .   .   .   .   .   .   .   .   .   .

"By MR. STEEL: Q. Mr. Otto, who employed you to do the work that you did on the premises? A. The owner.

"Q. Mr. Peardon? A. Peardon, yes.

"Q. And with respect to the downstairs, Mr. Peardon at the time the painting work was discussed gave instructions likewise, did he not as to what should be done down there? A. Yes.

"Q. And he ratified all the proposals, including painting, that were discussed and agreed upon at the time of the conference you have mentioned? A. Yes.

.   .   .   .   .   .   .   .   .   .   .   .

"By THE COURT: Q. You were the general contractor, you might term it, is that correct? A. Yes.

"Q. Was this work that was done by Robinson, was that all the work that was done downstairs, or did you do any? A. Oh, no, we did quite a bit of carpenter work besides."

The foregoing evidence is sufficient to support the finding of the trial court that respondents' work was done at the special instance and request of appellant.

No other points raised require discussion.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.