No. 38,826

Les H. Rafaelsen, *Appellee,* v. G. A. Olson, *Appellant.*

(254 P. 2d 268)

Opinion filed March 7, 1953.

*E. W. Jernberg,* of Lindsborg, and *Archie T. MacDonald* and *Russ B. Anderson,* both of McPherson, were on the briefs for the appellant.

*L. H. Ruppenthal,* of McPherson, was on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: Plaintiff, an electrician and electrical contractor, brought this suit against the appellant, G. A. Olson, as owner of a certain described quarter section of land in McPherson county, and Leon Olson, his tenant, to recover on an account amounting to $373.10, with interest, for material and labor used in installing electricity in the house and elsewhere on the property and to foreclose a mechanic's lien therefor. The trial court rendered judgment for plaintiff against both defendants, but did not foreclose the mechanic's lien. The defendant owner has appealed.

The tenant had leased the land from the owner for $200 per year cash rent for the farmstead and twenty acres of pasture and one-third crop rent on the balance, except seventy-five acres which the landlord had in wheat. The tenant went to plaintiff and wanted electricity put in the house and elsewhere on the premises and to pay for it in certain payments, and stated that the owner had agreed to pay him at the termination of his lease. The tenant executed a contract with the city of McPherson to extend electric lines out to the place and to receive electricity, and the owner signed a written consent to the contract in which he agreed to permit the city to erect an extension of the rural electric system along his place, with a suitable distribution center on the premises, to do the necessary pruning of trees and to set anchors where necessary, and to enter upon the premises for the purpose of such erection, installation, maintenance

and operation and removal of the rural electric extension. Plaintiff went ahead and put in the electrical work defendant desired. The landlord was there and saw the work being done, but had no talk with plaintiff until after the work was completed. There was some delay in the arrangements of the tenant about paying for it and plaintiff went to the landlord and said that he would go in and take the things out if he couldn't get his money. The landlord said:

"Well, it is an improvement on the place. I think we can come to some agreement on it and settle it. Well, I will see if I can raise the cash rent, then I will pay you."

On another occasion, when plaintiff showed the landlord the bill, the landlord said:

"Well, it's an improvement to the place" and "I guess I will have to pay it."

The tenant got so he would not talk to plaintiff. Plaintiff went to see the landlord, who said he was not going to pay it. Plaintiff told him he had changed his mind; he was going on the land with a winch truck and take out the poles and the other material. The landlord forbade him to go on the place. After that plaintiff filed a mechanic's lien, and almost a year later brought this action.

In this court counsel for appellant devoted quite a little of their argument to the type of contract, whether express or implied, plaintiff had and with respect to the agency of the tenant to bind the landlord. Since the court did not find the agency established sufficiently to justify foreclosing a mechanic's lien we think these questions need not be analyzed closely. There is no question here about the liability of the tenant. He has not appealed. It is clear from evidence, which the court was justified in believing, that the appellant knew the electrical equipment was being installed on the place, that it constitutes a substantial improvement to the property, and that at one time he did state to plaintiff that he thought he would have to pay for it, and that he changed his mind about that matter and so advised plaintiff. He flatly refused to permit plaintiff to take the materials away, and we think the court was justified in rendering judgment against both defendants.

The judgment of the trial court is affirmed.