Argued March 2, affirmed March 23, 1960

# WIGGINS *v.* SOUTHWOOD PARK CORPORATION ET AL

350 P. 2d 436

*Robert P. Dickinson,* Portland, argued the cause for appellants. With him on the briefs were Latourette & Latourette, Portland.

*Robert A. Bennett,* Portland, argued the cause for respondent. With him on the brief was Arthur H. Lewis, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and HARRIS, Justices.

HARRIS, J. (Pro Tempore)

This is a suit brought by the plaintiff, Everett L. Wiggins, against Southwood Park Corporation (hereinafter referred to as the defendant) to foreclose a mechanic's lien for work, labor and materials supplied by plaintiff in connection with the erection of a sewage treatment plant.

On September 14, 1955, plaintiff and defendant entered into a subcontract whereby plaintiff, for $27,550, agreed to construct certain portions of a sewage treat-

ment plant on specific property near a housing development in Clackamas county, Oregon. An additional agreement entitled "Contract extension, sewage treatment, Southwood Park" was entered into by the parties on December 9, 1955, which provided for the installation of certain additional machinery by plaintiff. The consideration for this additional work was $2,000, or a total contract price of $29,550. Plaintiff brought suit for $30,568.93, less payments of $29,197.50, or $1,409 (This last sum should be $1,371.43).

The difference between the contract price and the sum sued for is accounted for by alleged "extras" claimed by plaintiff.

The trial court gave decree for $1,371.43, plus fee for preparation of the lien ($5), filing of lien ($1.50), plus an attorney's fee of $350, and authorized foreclosure of the lien.

From this decree the defendant appeals, claiming the lien was invalid because of the "lumping" or inclusion of a nonlienable item in the lien, without segregation. Defendant also contends the claims for various extras should not have been allowed.

In the instant case the lien filed claims in unsegregated form that the total contract sum was $30,568.93.

■ In addition to the contract price, the plaintiff claimed sums to be owing for certain extras, including an item of $72 alleged to be due plaintiff for "borrowed labor." Defendant contends this item of $72 is a nonlienable item because the labor involved was not expended on the sewage treatment plant—the property in question. In this connection plaintiff testified:

"* * * on April 10th, 11th and 12th (1956) Southwood Park borrowed Mr. Getck, one of my

laborers, for three days. I was to be paid right away. That wasn't to go in the contract and that would be $72."

On cross-examination this matter was pursued further, the plaintiff being asked:

"Q Now, with regard to this labor of the 10th, 11th and 12th, where a man was borrowed. Where did he work, do you know?

"A I couldn't tell you that.

"Q Do you know if he worked on this job?

"A No. He was there. He was there half a day I know and then Southwood Park took him up to the other area or hauled something or I don't know what. He had several things that he wanted to catch up he said, and he only had one man and wanted another man to help him."

This testimony, as well as other facts shown by the record, causes us to hold that the claim for $72 constituted a nonlienable item consisting of labor performed on premises other than those covered by the contract (the sewage treatment plant).

■ The law is well settled that the inclusion in the lien notice of a nonlienable item, in unsegregated form, renders the lien nonenforceable. *Buckler Co. v. Am. Met. Chem. Corp.*, 214 Or 639, 332 P2d 614; *Ward v. Town Tavern et al.*, 191 Or 1, 228 P2d 216; *Valder v. Berg et al.*, 122 Or 661, 260 P 240.

Plaintiff's principal reliance on this feature of the case is the invocation of the doctrine of de minimis non curat lex. However, $72, the amount of the nonlienable item is a substantial sum. Plaintiff cites the case of *Cochran v. Baker,* 34 Or 555, 52 P 520, 56 P 641, to support its contention. This case did not involve the foreclosure of a lien, but was an action to recover damages for the breach of implied warranty of author-

ity to sign a bond. The matter of a lien was only incidentally involved. The court stated:

"During the course of the trial three certain statements of account were offered and admitted in evidence, each of which contained some item or items of small moment, which it is claimed were for articles that did not go into the buildings, and were, therefore, nonlienable. Objection was made to the introduction of the statements on the ground that they contained such nonlienable items, and their admission is assigned as error. The objection, as we understand it, proceeds upon the ground that the inclusion of the nonlienable items rendered the liens claimed in pursuance of the statements void; but the items were of such small moment, even granting that they were nonlienable, as to preclude the idea that they were included and commingled with such as were lienable for the purpose of gaining any advantage in the transaction, and, withal, were susceptible of being segregated, and, therefore, could not be held to avoid the liens; hence the statements were properly admitted in evidence."

The amounts involved in the Cochran case are not stated in the opinion. Also, it will be noted the court held the items "* * * were susceptible of being segregated, and, therefore, could not be held to avoid the liens."

Since a nonlienable item was included in the lien notice in an unsegregated form, we are required to hold the lien is not enforceable.

■ We must next determine whether the defendant has submitted itself to the equitable jurisdiction of the court so that we may proceed to determine the amount, if any, which may be due the plaintiff for work and materials furnished as claimed in the complaint.

At the conclusion of the case counsel for the defendant stated:

"Yes, your Honor. If the Court please, we renew the motion we made earlier in the day. The motion being to quash, vacate, dismiss and set aside the lien upon which this action is based for the reason and on the ground that the lien notice and the lien filed included a nonlienable item, to-wit: The labor performed on or about April 10, 11 and 12, 1956. By the testimony of the plaintiff himself, the labor performed on those dates was labor performed generally in and about the Southwood Park project generally and not upon the property described in the lien and upon which the lien is claimed. The lien filed herein alleges a lump sum balance for work, labor and materials in the contract and it does not single out the items for which the lien is claimed. It mingles in unsegregatable form lienable and nonlienable items. We, therefore, move that the lien be vacated, quashed and held invalid as a matter of law *and that action be dismissed as regards and only as regards the foreclosure of lien.*" (Emphasis supplied.)

We hold that in failing to move for a dismissal of the entire case, in merely moving against the validity of the lien and in requesting the court "* * * that action be dismissed as regards and only as regards the foreclosure of lien" the defendant submitted itself to the equitable jurisdiction of the court upon the remaining issues. *Buckler Co. v. Am. Met. Chem. Corp.,* supra; *Ward v. Town Tavern et al.,* supra; and *Valder v. Berg et al.,* supra.

■ The amount of recovery allowed by the court included an allowance of $297 "to cover additional cost of placement of * * * steel as per changed plans." This item was covered by a "Change order" dated

September 24, 1955. Certain additional items going to make up the sum awarded were found by the trial court to be extras not embraced either in the original contract of September 14, 1955, or in the supplemental agreement of December 9, 1955. The defendant contends that these items which plaintiff claims were extras for the increased cost "for modification of the specifications requiring additional steel" should be held to be included in the original or amended contract price. Defendant also asserts that the parol evidence rule (ORS 41.740) prohibits the introduction of testimony with regard to the $297 item for extra steel. This latter contention is on the ground that the supplemental contract of December 9, 1955, contained a statement that: "Whereas your original contract was for the total sum of $27,500, this will increase the total contract price to $29,550," and that parol evidence is inadmissible to modify this agreement of December 9, 1955.

In answer to the foregoing contentions it will be noted the original contract of September 14, 1955, contained this provision:

"It is understood and agreed between the parties hereto, that modifications of the said plans and specifications governing said work may be made from time to time by the First Party as the work progresses, wherever same may become necessary, and if conforming to said changes and modifications shall entail a greater expense on the part of the Second Party he shall be fairly and adequately compensated therefor by the First Party; and, likewise, if the same shall lessen his cost of performing the said work, the First Party shall be credited a fair and reasonable value of such lessened cost."

The supplemental contract of December 9, 1955, did not pertain to extras or miscellaneous changes, but

to the installation of certain equipment. Thus, the first paragraph of this supplemental memorandum reads:

> "Whereas the original contract negotiated between us dated September 14, 1955, is primarily to cover portions of the construction of the sewage treatment plant other than the installation of the necessary machinery, filter blocks and filter rock; you hereby agree to install equipment that is now on order with H. D. Fowler Company, etc."

We concur in the findings of the trial court that the additional items going to make up the sum awarded were extras or miscellaneous items not embraced in the original contract of September 14, 1955, nor in the supplemental memorandum of December 9, 1955.

Therefore, the decree of the circuit court will be modified in accordance with these views. The lien is declared void. A decree will be entered in favor of the plaintiff for the sum of $1,371.43, without attorney's fees or costs for preparation and recording of the lien. No costs nor disbursements will be allowed.