**DeMUTH LANDSCAPING & DESIGN, Appellee,**

v.

**Reuben P. HEGGESTAD, Appellant.**

No. 89–1278.

Court of Appeals of Iowa.

Aug. 30, 1990.

Richard J. Barry of Greer, Montgomery, Barry & Bovee, Spencer, for appellant.

Michael J. Chozen of Narey, Clarity & Chozen, Spirit Lake, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

In the fall of 1985, Rueben Heggestad contacted DeMuth Landscaping & Design and requested it to submit a bid for landscaping of Heggestad's lakeshore bank. On October 10, 1985, DeMuth submitted a document to Heggestad showing a total cost of $5,044 for the landscaping. Heggestad hired DeMuth to do the landscaping. Before Heggestad could begin the work, another contractor had to install a steel retaining wall, which was installed in November 1985. The day after the steel wall was installed, snow began to fall. This made it impossible for DeMuth to safely do the job until after the snow melted in the spring. In April 1986, prior to DeMuth doing the landscaping on the north side of the bank, heavy rains fell causing the south side of the bank to also collapse. Heggestad then requested DeMuth to do additional landscaping on the south side of the bank to correct the rain damage. DeMuth did the work and billed Heggestad. Heggestad refuses to pay any amount above the original bid of $5,044.

DeMuth filed the present action on October 28, 1986. Heggestad answered on November 15, 1986. The trial court's order was filed on July 24, 1989.

The district court found in favor of DeMuth and ordered Heggestad to pay $7,010.69, with interest at the rate of 10% per annum from and after October 28, 1986, until paid. Court costs were also taxed to the defendant. Heggestad appeals. We affirm.

Heggestad contends in October 1985, the parties entered into an express contract with a fixed price for landscaping of the entire lakeshore bank. He asserts the additional landscaping he requested in the spring was a direct result of DeMuth's failure to timely perform the contract by not completing the work in the fall of 1985. According to Heggestad, he does not owe DeMuth more than $5,044.

The standard of review in this case is for correction of errors of law. Iowa R.App.P. 4. When a trial court allows recovery in a law action tried to the court, the reviewing court will not interfere unless the judgment is unsupported by substantial evidence. *Byers v. Contemporary Industries Midwest,* 419 N.W.2d 396, 397

(Iowa 1988). The trial court's findings of facts are binding on the reviewing court if supported by substantial evidence. Iowa R.App.P. 14(f)(1). A finding of fact is supported by substantial evidence if that finding may be reasonably inferred from the evidence. *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983).

The trial court found, inter alia, in the fall of 1985 DeMuth was asked to estimate the cost of improvements to the north side of the bank, and in the spring of 1986 Heggestad decided to landscape the south side of the bank as well.

The above findings of fact may be reasonably inferred from the evidence. At the time of the original bid only the north side of the bank had collapsed. The testimony of Don Oleson, a contractor who had also submitted a bid for the job, indicates Heggestad was contemplating doing only the north side. DeMuth testified the estimate was only for the north side, and the bid indicated seed on the north side of the house only. From this evidence, and from the fact that the trial judge personally viewed the location, one can reasonably infer the findings of fact of the trial court.

"It is well settled that there may be an implied contract on a point not covered by an express one," *Heninger & Heninger v. Davenport Bank and Trust*, 341 N.W.2d 43, 47 (Iowa 1983) (quoting *Olberding Construction Co. v. Ruden*, 243 N.W.2d 872, 875 (Iowa 1976)). In the present case, because the trial court found the original bid was only for the north side of the bank and did not cover the south side, a contract must be implied for work done on the south bank.

"[W]hen a person performs services for another at the latter's request, the latter is liable for the services in the absence of special circumstances not appearing here, such as a family relationship indicating a gratuity was intended." *Id.* Heggestad requested DeMuth to do additional work on the south side of the bank. DeMuth agreed to do the work and supply the materials. He informed Heggestad, however, the additional labor and materials would be "extras." Heggestad did not object to this statement in any way. To the contrary, he indicated agreement by telling DeMuth to do what was necessary.

Even though there was not an agreement pertaining to the cost of the extra work, DeMuth acted upon Heggestad's apparent agreement to pay for the additional work. DeMuth completed the work and the bank has stopped eroding.

"[W]here there is no agreement as to the amount of compensation, the law implies a promise to pay reasonable compensation." *Id.* Testimony supports DeMuth's claim that the amount charged for the labor and materials provided was fair and reasonable.

AFFIRMED.