FRONTIER PROPERTIES CORPO-
RATION, A Nebraska Corpora-
tion, Appellee,

.v.

Donald C. SWANBERG and Roberta
D. Swanberg, Appellants.

No. 91-585.

Supreme Court of Iowa.

June 17, 1992.

Rehearing Denied July 29, 1992.

C.R. Hannan of Perkins, Sacks, Hannan, Reilly and Petersen, Council Bluffs, for appellants.

David F. McCann of Dippel and McCann, Council Bluffs, for appellee.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

The decisive issue in this appeal is whether our mechanic's lien law preempts a contractor's common-law action for work and materials furnished. In this case, the contractor originally sued to foreclose a mechanic's lien for work and materials it furnished in constructing a home. Later, the contractor added a count for express and implied contract for the work and materials. On the eve of trial, the contractor dropped the foreclosure count and went to trial on the theories of express and implied contract. Following a bench trial, the district court awarded the contractor judgment against the homeowners on these two theories, and the homeowners appealed. We affirm.

■■■ The district court tried the case as a law action. So our review is for correction of errors at law. *See Bricker v. Maytag Co.*, 450 N.W.2d 839, 840–41 (Iowa 1990) (trial conducted as law action required scope of review to be on error). In addition, actions for amounts due under a contract or for quantum meruit recovery based on implied contract are actions at law. *See Iowa Fuel & Minerals, Inc. v. State Bd. of Regents*, 471 N.W.2d 859, 862 (Iowa 1991) (in ordinary breach of contract actions, appellate review is for correction of errors at law); *Schillinger Bros. Co. v. Bosch–Ryan Grain Co.*, 116 N.W. 132, 137 (Iowa 1908) (suit in quantum meruit must be prosecuted at law).

■■ In a case tried at law, the findings of fact are binding upon us if supported by substantial evidence. Iowa R.App. P. 14(f)(1). Evidence is substantial if reasonable minds would find it adequate to reach the same conclusion, even if we might draw a contrary inference. *Hy–Vee Food Stores, Inc. v. Civil Rights Comm'n*, 453 N.W.2d 512, 515–16 (Iowa 1990).

We think there was substantial evidence to support the following facts gleaned from the district court's decision.

Donald C. Swanberg asked Donald Kruse to build a home for him and his wife. Kruse operates a construction business through his company, Frontier Properties Corporation.

Donald C. Swanberg and Kruse had preliminary negotiations, following which Frontier Corporation submitted a written proposal to the Swanbergs for partial construction of the home. The proposal was based on a modified stock house plan submitted by the Swanbergs and called for construction of the basic "shell" of the house. Specifically, the proposal called for (1) exterior construction to the point of being ready to paint; (2) interior construction to the point of being ready to insulate, with plumbing work ready for fixtures and electrical work complete, including hanging fixtures. The proposal was dated May 11, 1988, and was, with additions, in the amount of $166,802.

At about the time the proposal was submitted, the two men talked about what it would cost to finish the construction. Kruse gave Swanberg a rough estimate of $61,400, which was included in the proposal.

Donald C. Swanberg signed the proposal on May 14. Shortly thereafter, Frontier began work on the home. As work progressed the Swanbergs began suggesting substantial additions to each level of the house. Kruse and the Swanbergs disagreed on whether these additions were included in the $61,400 general interior finish work estimate. The district court accepted Kruse's testimony on this point and found these additions were not covered in the $61,400 estimate.

Additions to the basement not covered in the $61,400 estimate included (1) windows, (2) a sliding door, (3) a shower, (4) a tub, (5) grooming rooms for dogs (with additional showers), (6) a bedroom, (7) a kitchen, (8) a living room, (9) a large bathroom, (10) cabi-

nets, (11) insulation and dry wall, and (12) tile floor coverings. Additions to the first floor not covered in the $61,400 estimate included (1) an extra shower, (2) a tub, (3) enlargement of some areas, (4) additional windows, and (5) changes to already completed areas.

Through December 1988 the Swanbergs paid Frontier directly. Apparently up to this point Frontier had been paying the subcontractors on time. However, during January 1989, the Swanbergs began paying some of the subcontractors directly. The Swanbergs also began disputing some of the subcontractors' bills. After February 1989 the Swanbergs paid Frontier nothing more on the contract.

By mid-March of 1989 Frontier began experiencing severe cash flow problems be-cause of the Swanbergs' refusal to pay it. As the job neared completion Frontier left the job site because of the Swanbergs' refusal to make any further payments to it. This refusal put Frontier in what the district court termed an "intolerable financial position," which left the company with no alternative but to leave. Frontier did so the following month. At this point the job was substantially completed.

In June, Frontier filed the present proceedings against the Swanbergs, who in turn counterclaimed against Frontier.

Following trial, the district court awarded Frontier judgment (as corrected) for $69,210.86 against the Swanbergs on its theories of express and implied contract. The court arrived at this amount this way:

| | |
|---|---|
| $166,802 | per original proposal |
| 87,762 | fair and reasonable cost of the materials and labor furnished by subcontractors over and above amount included in the original proposal |
| 81,664 | fair and reasonable cost of labor furnished by Frontier over and above amount included in the original proposal |
| + 13,164.30 | general contractor fee in connection with materials and labor furnished by subcontractors over and above amount included in the original proposal |
| 349,392.30 | total recovery on express and implied contract |
| − 280,281.44 | payments either directly to Frontier or to subcontractors |
| $ 69,110.86 | amount of judgment (the district court's corrected judgment is $100 higher than it should be) |

The district court dismissed the Swanbergs' counterclaim finding that it was without merit.

I. The Swanbergs maintain that Iowa Code chapter 572 provides the exclusive remedy for contractor actions against homeowners for the value of labor and materials furnished by subcontractors. Of course, Frontier argues that the statute does not preempt any common-law actions available to it. For reasons that follow, we reject the Swanbergs' unreasonably broad interpretation of chapter 572.

The Swanbergs rely heavily on 1987 Iowa Acts ch. 79, § 5 (codified at Iowa Code section 572.13 (1989)). Subsection 2 requires a contractor who intends to use subcontractors to insert the following notice in any written contract with the homeowner:

> Persons or companies furnishing labor or materials for the improvement of real property may enforce a lien upon the improved property if they are not paid for their contributions, even if the parties have no direct contractual relationship with the owner.

Iowa Code § 572.13(2).

In the case of unwritten contracts, subsection 2 requires the contractor to provide the homeowner written notice of the names and addresses of all subcontractors the contractor intends to use. *Id.* Subsection 2 also requires the contractor to provide the homeowner written notice about the subcontractors' lien rights if they are not

paid. *Id.* The notice must be given within ten days of when the work begins. *Id.*

■ Because Frontier provided no such notice in the written proposal or in the case of the additions, the Swanbergs argue that the company was not entitled to recover on either express or implied contract.

We think such failure only precludes the contractor from asserting a mechanic's lien for amounts charged by subcontractors and suppliers. This statute does not, however, preclude the contractor from asserting common-law actions—like express and implied contracts—for work and materials furnished. The last paragraph of section 572.13(2) supports our conclusion:

> An original contractor who fails to provide notice under this section is not entitled to the lien and remedy [foreclosure] provided by this chapter as they pertain to any labor performed or material furnished by a subcontractor not included in the notice.

Had the legislature intended the drastic consequences urged by the Swanbergs, it could easily have said so.

Additionally, we are persuaded by the great weight of authority on this issue from other jurisdictions. In the majority of cases courts have declared that, in the absence of a valid claim under a state's mechanic lien statute, the contractor is not precluded from pursuing whatever common-law actions are available. *See Lockhart v. O'Neal,* 253 Ala. 254, 255–56, 44 So.2d 17, 17–18 (1950); *Madison Highlands Dev. Co. v. Dean & Son Plumbing Co.,* 415 So.2d 1129, 1131 (Ala.Civ.App. 1982); *Great W. Sav. Bank v. George W. Easley Co.,* 778 P.2d 569, 578 (Alaska 1989); *Phoenix Title & Trust Co. v. Garrett,* 73 Ariz. 55, 56–57, 237 P.2d 470, 471 (1951); *Nibbi Bros., Inc. v. Brannan St. Investors,* 205 Cal.App.3d 1415, 1421–23, 253 Cal.Rptr. 289, 293 (1988); *Robinson v. Peardon,* 112 Cal.App.2d 794, 795, 247 P.2d 83, 83 (1952); *Hayutin v. Gibbons,* 139 Colo. 262, 265–67, 338 P.2d 1032, 1035 (1959); *J. Batten Corp. v. Oakridge Inv. 85, Ltd.,* 546 So.2d 68, 69 (Fla.App.1989); *Cato v. David Excavating Co.,* 435 N.E.2d 597, 606 (Ind.App.1982); *Rafaelsen v. Ol-son,* 174 Kan. 86, 86–87, 254 P.2d 268, 269 (1953); *Poulos v. Stewart,* 313 Ky. 812, 815, 233 S.W.2d 994, 996 (1950); *Friedman v. Stein,* 4 N.J. 34, 44–46, 71 A.2d 346, 351–52 (1950); *Brook–Hattan Utils., Inc. v. 893 Constr. Corp.,* 180 A.D.2d 660, 579 N.Y.S.2d 705, 706 (N.Y.App.Div.1992) (mem.); *Wiggins v. Southwood Park Corp.,* 221 Or. 61, 65–67, 350 P.2d 436, 438 (1960); *Neiderhauser Builders & Dev. Corp. v. Campbell,* 824 P.2d 1193, 1196 (Utah App.1992); *West Virginia Sanitary Eng'g Corp. v. Kurish,* 137 W.Va. 856, 862–64, 74 S.E.2d 596, 600 (1953); *accord* 53 Am.Jur.2d *Mechanics' Liens* § 340, at 864 (1970) ("Enforcement of a mechanic's lien is not the exclusive remedy in regard to the obligation which such lien secures. The enforcement of the lien is a cumulative remedy provided by statute, and an incidental accompaniment of the contract, and may be pursued in connection with ordinary remedies."); *contra Wise v. Jerome,* 5 Ill.App.2d 214, 222, 125 N.E.2d 292, 297 (1955) (per curiam); *Gillespie v. Hynes,* 168 Neb. 49, 50–56, 95 N.W.2d 457, 458–60 (1959), *overruled on other grounds, Hull v. Bahensky,* 196 Neb. 648, 244 N.W.2d 293 (1976).

■ We hold that the remedy provided by Iowa Code chapter 572 is cumulative, not exclusive. A contractor may pursue whatever common-law remedies are available in a cause of action against a homeowner for the value of materials and labor, as the district court correctly decided.

■ II. The Swanbergs apparently think that Frontier received recovery for express contract and implied contract damages on the same subject matter. If true, such "double recovery" is impermissible. *See Chariton Feed & Grain, Inc. v. Harder,* 369 N.W.2d 777, 791 (Iowa 1985) (express and implied contract cannot coexist on same subject matter, and the former supersedes the latter).

The district court found otherwise. It found that (1) the subjects covered by each kind of contract were different, (2) the express contract covered the exterior and interior work originally contemplated in the

written proposal, and (3) the implied contract covered the additions not included in the $61,400 estimate to complete the house. So under the district court's findings and conclusions, both types of recovery were proper. *See Olberding Constr. Co. v. Ruden*, 243 N.W.2d 872, 875 (Iowa 1976) (an implied contract may exist on a point not covered by an express contract, and in the absence of an agreement as to the amount of compensation, a promise to pay reasonable compensation will be implied).

The instant case is like *DeMuth Landscaping & Design v. Heggestad*, 461 N.W.2d 354 (Iowa App.1990). In *DeMuth*, Heggestad asked DeMuth to submit a bid for landscaping the collapsed north side of a bank of land on Heggestad's lake shore property. DeMuth did so and estimated the cost of the project at $5044.

Before DeMuth started work, the south side of the bank also collapsed. Heggestad asked DeMuth to landscape this side of the bank also. DeMuth billed Heggestad for landscaping both sides, which was more than the original estimate. Heggestad would only pay the original estimate.

DeMuth sued Heggestad on express and implied contract. The district court awarded DeMuth $7010.69 under both theories. In affirming, our court of appeals said:

> [W]hen a person performs services for another at the latter's request, the latter is liable for the services in the absence of special circumstances not appearing here....
>
> Heggestad requested DeMuth to do additional work on the south side of the bank. DeMuth agreed to do the work and supply the materials....
>
> Even though there was not an agreement pertaining to the cost of the extra work ... the law implies a promise to pay reasonable compensation.

*Id.* at 356 (citations omitted).

■ Here the district court found that the $61,400 estimate to complete the house did not include the additions earlier cited. There is substantial record evidence to support these findings. The electrical and plumbing subcontractors both testified that the home they bid on and the home that they actually constructed were two different things. There was likewise expert testimony as to the fair and reasonable cost for these additions. The Swanbergs put on no credible evidence to the contrary.

We see no "double recovery" here. Frontier was entitled—as the district court correctly found—to recover under an implied contract theory for the fair and reasonable cost of these additions. This compensation was due Frontier in addition to the amount contemplated in the original $166,802 estimate to construct the "shell."

■ III. Left to resolve is the Swanbergs' claim that the district court erred when it dismissed their counterclaim. In their counterclaim, the Swanbergs asked for exemplary damages under Iowa Code section 572.30. Assuming without deciding that this section has application to this case, we conclude the facts preclude any recovery under the counterclaim. Section 572.30 allows a homeowner to recover exemplary damages if (1) the contractor fails to pay subcontractors (2) after the contractor receives *full* payment from the owner.

Clearly, full payment from the Swanbergs is a condition precedent to any right of recovery they might have against Frontier under section 572.30. The evidence is undisputed that when the Swanbergs unilaterally decided to pay the subcontractors directly, they did not pay the full amounts due Frontier. The district court's award of $69,210.86 to Frontier clearly establishes this fact. So the Swanbergs were unable to bring themselves under the protection of section 572.30. The district court correctly concluded the counterclaim lacked merit.

IV. We have carefully considered all of the contentions and arguments raised in this appeal whether or not we have addressed them. We conclude the district court's determinations were correct in all respects. Finding no error, we affirm.

AFFIRMED.