ELLIS-WALKER BUILDERS, INC., Plaintiff v. DON REYNOLDS PROPERTIES, LLC,
INSPIRATION OF WILMINGTON, L.L.C., and WACCAMAW BANK, Defendants

No. COA10-32

(Filed 6 July 2010)

**Liens— settlement agreement—cumulative remedies**

The trial court erred by denying plaintiff's motion to enforce
its lien on real property where plaintiff filed and perfected its
claim of lien and subsequently entered into a settlement agree-
ment which was not paid in full. Enforcement of a valid lien is a
cumulative remedy that is available in addition to the money
judgment plaintiff was awarded against defendant Reynolds.

Appeal by plaintiff from order dated 2 October 2009 by Judge
Phyllis M. Gorham in New Hanover County Superior Court. Heard in
the Court of Appeals 13 May 2010.

*Safran Law Offices, by Brian J. Schoolman and Lindsey E.
Powell, for plaintiff-appellant.*

*Murchison, Taylor & Gibson, P.L.L.C., by Andrew K. McVey, for
defendants-appellees Reynolds Properties, L.L.C., and
Inspiration of Wilmington, L.L.C.*

BRYANT, Judge.

On 19 August 2009, plaintiff Ellis-Walker Builders, Inc., moved
to enforce a claim of lien on real property. Following a hearing, the
trial court entered an order dated 2 October 2009 denying plain-
tiff's motion to enforce the lien. Plaintiff appeals. As discussed below,
we reverse.

*Facts*

The factual background of this appeal is simple, but its proce-
dural history is convoluted. In January 2006, plaintiff contracted with
Reynolds Properties, L.L.C., to construct a Port City Java at 2099

**ELLIS-WALKER BUILDERS, INC. v. DON REYNOLDS PROPS., LLC**

[205 N.C. App. 306 (2010)]

Market Street in Wilmington ("the property"). Plaintiff began the project on 14 March 2006 and completed it on 1 March 2007. The final cost of the project was over three quarters of a million dollars. A dispute arose between plaintiff and Reynolds about the costs, and Reynolds withheld payment in the amount of $209,310.17.

On 28 June 2007, plaintiff timely filed a claim of lien on real property. On 27 August 2007, plaintiff acted to perfect its lien by filing a complaint against defendants Reynolds, Inspiration of Wilmington, L.L.C., and Waccamaw Bank. The complaint also contained claims for breach of express contract and quantum meruit. At the time, Reynolds and Inspiration each owned a one-half undivided interest in the property.

Following limited discovery and mediation, the parties entered a settlement agreement under which Reynolds was to pay plaintiff $112,500.00 in three installments. The agreement also provided, in pertinent part:

> 2. <u>Dismissal of Law suit: Cancellation of Claims of Lien</u>. The parties shall file a dismissal of the Lawsuit, and all claims and counterclaims asserted therein, with prejudice, with the New Hanover County Clerk of Superior Court. Promptly following payment of the total amount stated above by [Reynolds], [plaintiff] shall cancel any claims of lien it may have filed on the Property.

> 3. <u>Release by [plaintiff]</u>. Except as necessary to enforce the terms of this Agreement, [plaintiff] hereby irrevocably releases [Reynolds and Inspiration] from any and all claims, damages, demands, causes of action, or liability of any kind . . . .

No party has ever sought dismissal of the August 2007 lawsuit, nor was plaintiff's claim of lien on real property ever cancelled. Plaintiff received the first scheduled payment of $12,500.00 under the agreement, but did not receive the second or third payments, each of $50,000.00, which were due in November and December 2008.

According to the transcript of hearing in the record and the parties' briefs to this Court, plaintiff thereafter moved to enforce the settlement agreement.[1] On 13 January 2009, the trial court entered an order and judgment finding Reynolds in default of the agreement,

---

[1]. The record on appeal does not contain plaintiff's motion to enforce the agreement; however, the record does contain an "order and judgment" filed 13 January 2009 from the trial court granting plaintiff's motion to enforce the settlement agreement and awarding plaintiff a judgment in the amount of $100,000.00 against Reynolds.

awarding plaintiff $100,000.00, and concluding that all other provisions of the agreement remained in full force and effect. Plaintiff has been unable to collect on this judgment.

Plaintiff filed a second complaint on 27 April 2009. The April 2009 complaint sought enforcement of the claim of lien on real property, and also included claims for fraudulent transfer of assets, punitive damages, tortious interference with contract, joint liability and concert of action, and avoidance, levy and constructive trust. The complaint alleged that Donald Reynolds, sole member manager of defendant Reynolds, transferred assets to his wife to avoid the reach of plaintiff's January 2009 judgment. No response from any defendant nor any court order, judgment or other filing addressing plaintiff's claims appears in the record. On 10 August 2009, plaintiff filed a motion to enforce its lien on real property requesting entry of an order enforcing the lien and granting permission to foreclose on the subject property, which the trial court denied by order dated 2 October 2009. Plaintiff appeals therefrom.

---

On appeal, plaintiff argues the trial court erred in denying its motion to enforce the lien on real property. As discussed below, we reverse.

### Analysis

Plaintiff argues the trial court erred in denying its motion to enforce its lien on real property because enforcement of a valid lien is a cumulative remedy and available in addition to the money judgment plaintiff was awarded against Reynolds. We agree.

Reynolds contends that plaintiff's contention conflicts with our decision in *Miller v. Lemon Tree Inn, Inc.*, 32 N.C. App. 524, 233 S.E.2d 69 (1977). However, *Miller* is inapposite. The question in *Miller* was "whether the trial court erred in its conclusion of law that plaintiff[]'s deed of trust had priority in the proceeds from the judicial sale of [real property] over [one] defendant[]'s judgment lien against [another] defendant[]." *Id.* at 527, 233 S.E.2d at 71. One defendant "contended [] that it perfected and enforced its materialmen's lien against [the other defendant] pursuant to G.S. 44A-12 and 44A-13, and that by virtue of the 'relation-back' effect of G.S. 44A-10, its lien [] was prior to plaintiffs' deed of trust." *Id.* Here, plaintiff is not seeking to have the 13 January 2009 order and judgment declared a lien on the property. Rather, plaintiff seeks a separate judgment enforcing the lien it previously filed and perfected under Chapter 44A.

We find no case in this State on point with plaintiff's argument but find instructive this Court's reasoning in a similar case. In *Lowe's of Fayetteville, Inc. v. Quigley*, the complaint alleged that the plaintiff sold and delivered to the defendants various building materials on account for which the defendants subsequently failed to pay. 46 N.C. App. 770, 771, 266 S.E.2d 378, 378 (1980). The complaint also stated that the plaintiff had filed a notice of claim of lien and prayed for judgment in the amount of the monies due under the account with interest and for the judgment to be declared a lien on the property. *Id.* However, the lien was fatally defective and the trial court dismissed the plaintiff's entire cause of action on that basis. *Id. We* reversed, quoting with approval the following language regarding the cumulative nature of materialmen's and mechanic's liens:

> "Enforcement of a . . . lien is not the exclusive remedy in regard to the obligation which such lien secures. The enforcement of the lien is a cumulative remedy provided by statute . . . and may be pursued in connection with ordinary remedies. The lienor may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the amount due." 53 Am. Jur. 2d Mechanics' Liens § 340 (1970).

*Id.* at 772, 266 S.E.2d at 379. Thus, we reasoned, the plaintiff's action need not be dismissed since the plaintiff was entitled to seek a personal judgment separate and in addition to its right to a lien. Although the *Lowe's* discussion on this point was dicta, we find it persuasive, particularly as it is in accord with the rule in the majority of other states. *See Woodford v. Glenville State College Housing Corp.*, 225 S.E.2d 671, 675 n.6 (W. Va. 1976) ("the lien procedure provided for mechanics and materialmen is a cumulative remedy, and independently of the lien, such parties may resort to the ordinary common-law remedies, as by an action to recover a personal judgment. The two remedies may be pursued simultaneously, but there can be only one satisfaction."); *see also Madison Highlands Dev. Co. v. Dean & Son Plumbing Co.*, 415 So. 2d 1129 (Ala. Civ. App. 1982); *Great W. Sav. Bank v. George W. Easley Co.*, 778 P.2d 569 (Alaska 1989); *Phoenix Title & Trust Co. v. Garrett*, 237 P.2d 470 (Ariz. 1951); *Robinson v. Peardon*, 247 P.2d 83 (1952); *Hayutin v. Gibbons*, 338 P.2d 1032 (Colo. 1959); *J. Batten Corp. v. Oakridge Inv. 85, Ltd.*, 546 So. 2d 68 (Fla. App. 1989); *Cato v. David Excavating Co.*, 435 N.E.2d 597, 606 (Ind. App. 1982); *Frontier Properties Corp. v. Swanberg*, 488 N.W.2d 146 (1992); *Rafaelsen v. Olson*, 254 P.2d 268 (Kan. 1953); *Poulos v. Stewart*, 233 S.W.2d 994 (Ky. 1950); *Friedman v. Stein*, 71

A.2d 346 (N.J. 1950); *Wiggins v. Southwood Park Corp.*, 350 P.2d 436 (Ore. 1960); *Neiderhauser Builders & Dev. Corp. v. Campbell*, 824 P.2d 1193 (Utah App. 1992); *West Virginia Sanitary Eng'g Corp. v. Kurish*, 74 S.E.2d 596 (W. Va. 1953).

Here, plaintiff filed and perfected its claim of lien on real property and subsequently entered into the settlement agreement with Reynolds. Reynolds argues that plaintiff's entry into the settlement agreement waived his right to pursue the lien. However, as noted above, the agreement specified that, "[p]romptly following payment of the total amount stated above by [Reynolds], [plaintiff] shall cancel any claims of lien it may have filed on the Property." It is undisputed that Reynolds did *not* pay the total amount stated in the agreement, either in accordance with the agreement's terms or by satisfying the judgment for $100,000.00 entered by the trial court on 13 January 2009. Thus, plaintiff was under no obligation to cancel its claim of lien and the trial court erred in denying its motion to enforce the lien. We reverse and remand for entry of an order enforcing plaintiff's lien on real property.

Reversed and remanded.

Judges ELMORE and ERVIN concur.