# IN THE COURT OF APPEALS OF IOWA

No. 23-1513
Filed May 22, 2024

**MITCH ROBEOLTMAN and SABRINA RISLEY,**
     Plaintiffs-Appellants,

**vs.**

**TIMOTHY HARTKOPP,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Hardin County, Amy M. Moore,
Judge.

     The plaintiffs appeal the denial and dismissal of their claims of breach of
implied warranty of workmanlike construction and failure to disclose defects
against the seller of a house.  **AFFIRMED.**

     Taylor Nederhoff of Stockdale Law, PLC, Iowa Falls, for appellant.

     Timothy Hartkopp, Iowa Falls, self-represented appellee.

     Considered by Buller, P.J., Langholz, J., and Carr, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2024).

**CARR, Senior Judge.**

Mitch Robeoltman and Sabrina Risley purchased a seventy-one-year-old house from Timothy Hartkopp. Hartkopp was not the original owner of the house but had purchased it himself to "flip" it, meaning that he intended to update and then resell the house for a profit. On the seller disclosure of property condition form, Hartkopp wrote that the heating system and central cooling system had no known problems and had been replaced roughly one month before the sale. He also wrote that the refrigerator was included and working. A promotional sheet prepared by or for him and available in the home to be seen by prospective purchasers explicitly listed "[n]ew furnace and ducts," "[n]ew air conditioning," and "updated stainless steel appliances" as updates to the house. Robeoltman and Risley agreed in their offer form to "have the property inspected by a qualified person or persons of [their] choice to determine if there are any structural, mechanical, plumbing, electrical, or environmental deficiencies." They also agreed that if they did not do so "to accept the property in its present condition." Robeoltman and Risley did not have the property inspected. However, at the final walk-through, they noted that the refrigerator was not working. Hartkopp agreed to fix or replace the refrigerator within thirty days.

After closing the sale, Robeoltman and Risley discovered that the heating, ventilation, and air conditioning (HVAC) system also was faulty. Hartkopp tried to reset the refrigerator and, after it stopped working again a couple of weeks later, provided a replacement refrigerator with a different style of doors than the previous one. Robeoltman and Risley contracted with HVAC technicians who repaired the system, noting that the contactor was burnt, wires were touching, the duct work

was improperly sized, the bathroom exhaust fan vented to the attic, and a line was broken. The technicians eventually repaired and replaced the ductwork and reconfigured the bathroom exhaust fan to vent outside. The total cost for the repairs was $5106.94. Robeoltman and Risley also found a refrigerator with French doors—the style of the first refrigerator—priced at $4069; they had the receipt for the replacement refrigerator Hartkopp provided but did not attempt to return or exchange that model. Hartkopp declined to cover the cost of the HVAC repairs or the third refrigerator.

Robeoltman and Risley brought an action against Hartkopp alleging, among multiple claims, a breach of the implied warranty of workmanlike construction and a failure to disclose defects. They requested damages for the repair of the HVAC system and the replacement refrigerator. The district court held trial on the matter, and in its written order, denied and dismissed the petition. Regarding the implied warranty of workmanlike construction claim, the court wrote that "it is clear that . . . Hartkopp is not a builder-vendor" and for that reason "the warranty of [workmanlike] construction is inapplicable." The court elaborated that, regardless, Robeoltman and Risley "have not shown that a home inspection would . . . have identified the issues with the home's heating, ventilation, and air conditioning." Regarding the failure to disclose defects claim, the court found that Robeoltman and Risley had "failed to demonstrate that . . . Hartkopp had actual knowledge of any of the purported defects in the property at the time he completed the disclosure. There was no evidence presented at trial that he was aware of any defects." It also wrote that, in addition, "[t]here was also no evidence presented that he failed to exercise ordinary care to obtain information as to whether two

newly-replaced systems were functional." And "any purported breach created by the [nonfunctioning] refrigerator was cured by . . . Hartkopp providing a comparable replacement." Robeoltman and Risley appeal.

**I. Standard of Review.**

Because this case was tried at law, we review for correction of errors at law. *Carroll Airport Comm'n v. Danner*, 927 N.W.2d 635, 642 (Iowa 2019); Iowa R. App. P. 6.907 ("In equity cases review is de novo. In all other cases the appellate courts constitute courts for correction of errors at law. Findings of fact in jury-waived cases have the effect of a special verdict."). Findings of fact "are binding upon the appellate court if supported by substantial evidence." Iowa R. App. P. 6.904(3)(a). "Evidence is substantial if reasonable minds would find it adequate to reach the same conclusion, even if we might draw a contrary inference." *Frontier Props. Corp. v. Swanberg*, 488 N.W.2d 146, 147 (Iowa 1992).

**II. Discussion.**

Now on appeal, Robeoltman and Risley reassert their breach of implied warranty of workmanlike construction and failure to disclose defects claims, again requesting damages for the repair and replacement costs.

**A. Implied Warranty of Workmanlike Construction.**

First, Robeoltman and Risley raise a claim under the implied warranty of workmanlike construction. This warranty ensures that a new house sold by a builder-vendor has "been constructed in a reasonably good and workmanlike manner and that it will be reasonably fit for its intended purposes." *Kirk v. Ridgway*, 373 N.W.2d 491, 496 (Iowa 1985). A builder-vendor is

a person who is in the business of building or assembling homes designed for dwelling purposes upon land owned by him, and who then sells the houses, either after they are completed or during the course of their construction, together with the tracts of land upon which they are situated, to members of the buying public.

*Id.* Although they insist on a breach of the warranty by Hartkopp, Robeoltman and Risley concede that they "did not personally enter into an agreement with Hartkopp to construct the house for them" and that he is not a builder-vendor. They also admit that the implied warranty of workmanlike construction has not been applied to cover non-new, "flipped" houses, but ask that we expand its scope.

Although our supreme court has extended the implied warranty of workmanlike construction to cover claims of third-party purchasers against builder-vendors, *Speight v. Walters Dev. Co.*, 744 N.W.2d 108, 114–15 (Iowa 2008), it has declined to extend the implied warranty of workmanlike construction to non-builder-vendors. *Flom v. Stahly*, 569 N.W.2d 135, 142 (Iowa 1997) (finding that the sellers "were not builder-vendors—persons in the business of building or assembling homes for the purpose of sale"). It has similarly declined to extend the warranty to banks that acquired property by deed in lieu of a foreclosure action, *Luana Sav. Bank v. Pro-Build Holdings*, 856 N.W.2d 892, 895 (Iowa 2014), and to developers that purchased a lot without a dwelling on it. *Rosauer Corp. v. Sapp Dev., L.L.C.*, 856 N.W.2d 906, 911 (Iowa 2014) ("When no dwelling has been constructed at the time of the sale of property, we do not have a builder-vendor, only a vendor."). Put another way, *Speight* "did not expand the permissible defendants beyond traditional builder-vendors." *Luana Sav. Bank*, 856 N.W.2d at 897. We are required to follow Iowa supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Therefore, the district court did not err in finding no basis

for relief here and we are unable to afford Robeoltman and Risley relief on this claim.

**B. Failure to Disclose Defects.**

Next, Robeoltman and Risley bring a claim of failure to disclose defects. Iowa Code section 558A.2(1) mandates that a seller of real estate "deliver a written disclosure statement" to prospective buyers. This statement must include information about the "condition and important characteristics of the property and structures located on the property." Iowa Code § 558A.4(1)(a) (2022). The same chapter establishes that "[a]ll information required by this section . . . shall be disclosed in good faith." *Id.* § 558A.3(1). However, "[i]f at the time the disclosure is required to be made, information required to be disclosed is not known or available to the transferor, and a reasonable effort has been made to ascertain the information, an approximation of the information may be used." *Id.* Furthermore, "[t]he transferor . . . shall not be liable for [any] error, inaccuracy, or omission in information required in a disclosure statement, unless that person has actual knowledge of the inaccuracy, or fails to exercise ordinary care in obtaining the information." *Id.* § 558A.6(1); *see also Jensen v. Sattler*, 696 N.W.2d 582, 588 (Iowa 2005) (requiring a "plaintiff to show *actual knowledge* of a problem" or "failure to exercise ordinary care in obtaining the information" that was required to be disclosed to succeed on a claim of failure to disclose defects (citations omitted)).

Robeoltman and Risley insist that Hartkopp did not disclose the non-functioning HVAC system and refrigerator[1] and instead held out the property as

---

[1] Robeoltman and Risley also asserted that Hartkopp failed to disclose a plumbing issue—a clogged bathroom drain—and that they spent $214 on repairing it. But

having a new furnace and ducts, new air conditioning, and updated stainless steel appliances. But the district court found no failure to act in good faith or to exercise ordinary care on the part of Hartkopp. It also found that Hartkopp had no actual knowledge of the defects and that there was no evidence presented that an inspection of the property—by either Robeoltman and Risley or Hartkopp—would have revealed them. In addition, it found the replacement refrigerator sufficient. "We are bound by the district court's findings of fact if they are supported by substantial evidence." *Sutton v. Iowa Trenchless, L.C.*, 808 N.W.2d 744, 749 (Iowa Ct. App. 2011). The district court found no evidence of either failure by Hartkopp and we are unable to conclude otherwise. Thus, the district court did not err in denying relief on the statutory claim. The district court correctly declined to award Robeoltman and Risley damages for the repair and replacement costs.

To summarize, the trial court's factual findings are supported by substantial evidence, and its legal conclusions are correct. Under our standard of review, the record calls for affirmance. We therefore affirm in all respects.

**AFFIRMED.**

---

they did not expand upon this claim in their appellate brief or provide authority to support that claim on appeal. As such, we find it waived. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (listing manners in which a party may forfeit an issue on appeal, including failing to clearly identify and make an argument in support of the issue and to cite authority supporting their position); Iowa R. App. P. 6.903(2)(a)(8)(3).