**In re NORTH SIDE LUMBER COMPANY, Debtor.**

**INDUSTRIAL INDEMNITY COMPANY, Appellant,**

v.

**SEATTLE–FIRST NATIONAL BANK; Leasco of Washington, Inc.; North Side Lumber Company; Barclays American/Business Credit, Inc., Appellees.**

**BAP No. OR 86–1677–AsMeE.**
**Bankruptcy No. 385–00316.**
**Adv. No. 85–0521.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 24, 1987.

Decided Aug. 28, 1987.

Lynnia K. Woods, Portland, Or., for appellant.

James N. Westwood, Miller, Nash, Wiener, Hager & Carlsen, Jan D. Sokol, Stafford, Frey & Mertel, Douglas C. Blomgren, Kell, Alternam & Runstein, Portland, Or., for appellees.

Before ASHLAND, MEYERS and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

Industrial Indemnity Company appeals from an order determining that its lien for unpaid workers compensation insurance premiums asserted against property of the debtor North Side Lumber Company is invalid. We affirm.

## FACTS

In July 1983 Industrial Indemnity entered into an agreement with North Side Lumber to provide workers compensation insurance coverage for the policy year July 1, 1983 through June 30, 1984. Under the policy 70% of the premium was deferred while 30% was paid in eleven monthly installments. In July 1984 a policy for 1984–85 was executed which provided for a deferral of 40% of the premium until nine months after the close of the policy year. The other 60% was to be paid during the term of the policy.

Moreover, as typical with most workers compensation insurance plans the policies had a retrospective premium endorsement. The retrospective endorsement requires that the insured pay a premium based on an estimated standard premium which is adjusted six to nine months after the close of the policy year to reflect actual losses of the insured. The initial premium is adjusted up or down to reflect actual losses with adjustments lasting as long as five years after the policy expires. The retrospective premiums are an incentive for employers to provide safe work areas and thereby pay a lower premium for workers compensation coverage.

In August 1984 Industrial conducted a preliminary audit of North Side's losses for the 1983–84 policy year. The losses were unexpectedly high resulting in a larger retrospective premium adjustment. In September 1984 North Side agreed to make monthly payments of $30,783 in order to decrease the amount owed on the deferred premium. North Side failed to pay the premium billed on November 28, 1984.

On January 28, 1985 Industrial sent a formal notice of default and written demand for payment to North Side. The demand was sent by certified mail return receipt requested and was for the entire accelerated balance for both policy years, $586,584.42. The demand was received by North Side on January 31, 1985. North Side filed a Chapter 11 petition on the same day.

On April 3, 1985 Industrial moved for relief from the automatic stay to permit filing of a workers compensation insurer's lien pursuant to ORS 656.564 upon property of the debtor. The court granted Industrial permission to file the lien which was filed on April 23, 1985, for $327,387.23. (A final field audit disclosed less was actually due.) The order provided that Industrial would not enhance its position under §§ 362(b) and 546(b), and that the validity,

priority, and amount of the lien would be determined at a later date. On October 23, 1985 Industrial was granted further relief from the stay for the limited purpose of filing a complaint to foreclose its lien within the time required by ORS 656.564(4).

Trial was held on debtor's complaint to determine the validity and extent of Industrial's asserted lien. The court held that Industrial had an invalid post-petition lien. Under ORS 656.564 the lien was not created until filed which occurred after the bankruptcy petition was filed. The court rested its decision on the Oregon Supreme Court's interpretation of similar language in the Oregon's mechanic's lien statute. In *Phillips v. Graves*, 139 Or. 336, 9 P.2d 490 (1932), the Oregon court held that a mechanic's lien is not created until actually filed. The bankruptcy court also held that the relation back doctrine of § 546(b) could not be invoked because a lien can only relate back to its date of creation which here occurred post-petition and was stayed by the provisions of § 362. *In re North Side Lumber Company,* 59 B.R. 917 (Bankr.D.Or.1986).

Industrial filed a motion for reconsideration which was denied and from which Industrial timely appealed. The defendants Barclays American/Business Credit, Inc., Leasco of Washington, Inc., Seattle First National, and United Pacific Reliance Company, all whom assert superior security interests, have filed answering briefs. The Associated General Contractors of America, Inc., Oregon–Columbia Chapter has filed an amicus curiae brief questioning the court's interpretation of Oregon's mechanic's lien law.

## ISSUE

Whether Industrial Indemnity has an invalid post-petition lien for unpaid workers compensation insurance premiums.

## DISCUSSION

The issue on appeal is a question of law reviewed de novo. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985). The resolution of the issue involves both the Bankruptcy Code and state law. When a decision turns upon applicable state law, and the state's highest court has not adjudicated the issue, the court must make a reasonable determination, based upon recognized sources, as to the result that the highest state court would reach if it were deciding the issue. *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985), *cert. dismissed,* 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706.

The workers compensation insurer's lien asserted by Industrial is provided for at ORS 656.564:

(1) A lien is hereby created in favor of the insurer upon all real property within this state and upon any structure or improvement thereon and upon any mine, lode, deposit, mining claim, or any road, tramway, trail, flume, ditch, pipeline, building, or other structure or equipment on or pertaining thereto, upon which labor is performed by the workers or any employer subject to ORS 656.001 to 656.-794 in a sum equal to the amount at any time due from such employer to the insurer on account of labor performed thereon by the workers of such employer, together with interest and penalty. (3) In order to avail itself of the lien created by this section, the insurer shall, within 60 days after the employer is in default, ..., file with the county clerk of the county within which such property is then situated a statement in writing describing the property upon which a lien is claimed and stating the amount of the lien claimed by the insured....

Suit to foreclose the lien must be commenced within six months of the filing of the statement. ORS 656.564(4). The lien created is given priority over "all other liens and encumbrances, except labor liens and liens for taxes and other amounts due the state of Oregon." ORS 656.564(5).

As the trial court noted, in order for the lien to be valid in bankruptcy, the lien must have been created under state law prior to the filing. Otherwise, Section 362(a)(4) stays any act to "create, perfect or enforce any lien against property of the estate." Section 362(b)(3) excepts acts "to perfect an interest in property to the extent that the

trustee's rights and powers are subject to perfection under § 546(b)." Section § 546(b) permits post-petition perfection of a lien if state law provides that upon perfection the lien is superior to other liens or encumbrances having priority in time. Section 546(b) limits the trustee's avoiding powers under § 545. Section 545 permits the trustee to avoid a lien to the extent it is not perfected or enforceable on the date of the filing of the petition. Post-petition perfection of a lien may be permissible, but the creation of a lien post-petition is not.

Therefore the lien under ORS 656.564 must have been created under Oregon law before North Side filed bankruptcy. The interpretation of a state statute begins with its plain meaning. *West Foods, Inc. v. Morgan Ore,* 16 Or.App. 613, 519 P.2d 1062 (1974). The terms must be strictly adhered to and construed narrowly against one who claims a lien. *Rogue Valley Memorial Hospital v. Salem Ins.,* 265 Or. 603, 510 P.2d 845 (1973).

The trial court examined the plain language of the statute but also turned to the Oregon Supreme Court's analysis of mechanic's lien law in *Phillips v. Graves,* 139 Or. 336, 9 P.2d 490 (1932). In *Phillips* the court held a mechanic's lien is not created until actually filed. The bankruptcy court determined that an Oregon court would apply the rule established in *Phillips* to the workers compensation insurance lien in question.

In *Phillips* the issue was whether the administrator of an estate had the right to enforce a mechanic's lien which arose because of work performed by the decedent. If the lien interest was created before the contractor died, the interest would have descended to the administrator. The court decided that no lien existed at the contractor's death. The right to file and perfect a construction lien is personal to the lien claimant and would not devolve to the estate administrator who is not named in the statute. The court stated that a mechanics lien is created when the work is performed *and* the lien notice filed.

The problem with *Phillips* is the court's imprecise use of language, especially "cre-

ate" and "perfection". The unique fact pattern also limits its applicability. We decline to apply the Phillips rationale to our holding and disapprove of the trial court's reliance on the case.

We uphold the trial court's ruling on a narrower basis, the language of the statute itself. ORS 656.564(1) reads, "a lien is created in favor of the insurer ... in a sum equal to the amount at any time *due* from such employer to the insurer ..." Under ORS 656.564(3) a workers compensation insurer may avail itself of the lien if it files a notice of lien with the county clerk "within 60 days after the employer is in default." ORS 656.560(2) provides that the employer is in default if it fails to make payment of unpaid premiums within 30 days after written demand by the insurer. There is no time specified in which a demand must be made.

In *State Compensation Department v. Citizens Valley Bank, (Beaver Creek Lumber),* 5 Or.App. 1, 480 P.2d 441 (1971), the court held "demand" to be the usual billing to the employer by the state upon no payment having been made by the due date. North Side was billed for a premium on November 28, 1984 which it failed to pay. Industrial sent its written demand on January 28, 1985 for the whole accelerated amount. The demand was received by North Side on January 31, 1985. The 30 day statutory default period was complete after the filing of the petition, on February 27 or March 2. Industrial's right to create a lien arose at this time. Industrial would not have an interest in property of the debtor until the default period had run.

To the extent an insurer has an unlimited time to make a demand, the insurer can hold in abeyance a secret and inchoate lien. The workers compensation lien would be a secret lien in that no one would be on notice. Whereas with construction liens or mechanics liens, a prospective creditor can see work being completed on the site and know of potential mechanics liens. Also the insurer's lien may not arise until many years after work is completed, when a payment on a retrospective payment is missed and goes into default. Therefore, by hold-

ing that the lien is not created until 30 days after a demand and upon filing helps obviate the secret lien problem. Moreover, since a ORS 656.564 lien is superior to most other liens, its creation must be strictly enforced.

The predecessor to the ORS 656.564 provided that the lien attached from the date of the commencement of "... labor upon property." See 1917 Or.Laws ch. 288 § 11. The provision was eliminated in 1933. See 1933 Or.Laws ch. 268 § 3. The lien created for the State Accident Insurance Fund Corporation (SAIF) in ORS 656.566 is similar to that provided for private insurers except that attachment occurs only when the claim has been filed with the county clerk. ORS 656.566(2). The earlier change in the statute and the difference for the SAIF support our holding that the lien is not created until after the default period has ran and the notice of lien filed.

While we recognize the importance of a viable workers compensation insurance system and the policy reasons to hold on behalf of Industrial the express language of the statute does not mandate such a result. For the foregoing reasons we affirm.