NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-18-1038-BTaL |
| JOHN BADEA, | Bk. No. 2:15-bk-10638-GS |
| Debtor. | |
| JOHN BADEA, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LENARD SCHWARTZER, Chapter 7 Trustee, | |
| Appellee. | |

Argued and Submitted on July 27, 2018
at Las Vegas, Nevada

Filed – September 17, 2018

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Gary A. Spraker, Bankruptcy Judge, Presiding

Appearances:     Appellant John Badea argued pro se; Jason Imes of
                 Schwartzer & McPherson Law Firm argued for appellee
                 Lenard Schwartzer, Chapter 7 Trustee.

Before:     BRAND, TAYLOR and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Appellant, chapter 7[1] debtor John Badea, appeals an order granting the motion of the chapter 7 trustee to expunge a mechanics' lien Badea recorded against a condominium that was property of the estate and to hold Badea in contempt for willfully violating the automatic stay with his mechanics' lien recording. In the expungement order, the court also awarded the trustee compensatory sanctions of attorney's fees and costs but did not award a specific amount pending a subsequent declaration. Badea also appeals the court's second order finalizing the amount of the fee award for Badea's contempt.

Because the court failed to identify or apply the correct law on the mechanics' lien and automatic stay issues, we VACATE the expungement order and REMAND. Because Badea failed to appeal the second order

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

finalizing the amount of the fee award or to file an amended notice of appeal, we are unable to review his appeal of the contempt finding or the amount of the fees and costs ultimately awarded. Nonetheless, as explained below, vacating the expungement order voids the contempt finding and effectively voids the second, unappealed order finalizing the amount of the fee award for Badea's contempt.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Prepetition events

Prior to the petition date, Badea owned a condominium located in Las Vegas, Nevada (the "Property"). Badea claimed that in 2009 his brother George loaned him $50,000 to purchase the Property. The men agreed that, at some time in the future, Badea would either repay George the $50,000 or transfer title to the Property to George in lieu of payment.

Less than one year prior to the petition date, Badea transferred title to the Property to George by quitclaim deed, which was promptly recorded.

### B.    Postpetition events

Badea filed a chapter 7 bankruptcy case on February 12, 2015. Lenard E. Schwartzer was appointed as the chapter 7 trustee ("Trustee"). Badea's discharge was denied under § 727 in December 2015; the Panel affirmed the § 727 judgment.

///

///

## 1.   Trustee's adversary proceeding to recover the Property and related eviction proceeding

George executed a quitclaim deed transferring title to the Property to Nina Sarau in February 2016, one year after Badea's bankruptcy filing. Sarau was an affiliate of Badea or George. The deed was recorded on March 1, 2016.

To recover title to the Property for the benefit of the estate and to prevent any additional transfers, Trustee filed an adversary proceeding against George and Sarau on July 28, 2016, to void the alleged fraudulent transfers and to confirm Trustee's superior claim to the Property. On January 24, 2017, the bankruptcy court entered default judgments against George and Sarau. The transfers of the Property from Badea to George and from George to Sarau were deemed void, and Trustee was awarded legal title to the Property, $46,000, and costs of suit. The default judgments were recorded on May 8, 2017.

Sarau refused to vacate the Property, claiming she was paying rent to Badea. Trustee then pursued an eviction proceeding against Sarau in state court. There, she claimed both that she owned the Property and that she was renting the Property from Badea.

During the eviction proceeding, Trustee was contacted by a Ms. Papin, who claimed that Badea had just rented the Property to her and had directed her to send the $600 monthly rental payment to him. The lease

Papin signed indicated that Sarau owned the Property. Suspecting fraud by Badea, Papin reviewed county records which indicated that the Property was under the control of Trustee and that neither Badea nor Sarau were the owners. Unfortunately, Papin had already given Badea $900 in cash before she discovered the scam.

### 2. Trustee's motion to expunge the mechanics' lien and to hold Badea in contempt for violating the automatic stay

In preparing to sell the Property, Trustee obtained a preliminary title report which revealed that, on July 11, 2017, Badea recorded a "Notice of Lien" against the Property asserting a purported mechanics' lien for $12,000 plus interest and costs ("Mechanics' Lien"). The Mechanics' Lien indicated that Sarau was the owner of the Property, that Badea had contracted with Sarau on "July 15, 2016" to do construction work on the Property for $15,000, that he completed the work in two months, and that he had received only $3,000 from her to date.

Thereafter, Trustee sent Badea a letter requesting that he withdraw the Mechanics' Lien. Trustee maintained that the Mechanics' Lien was an unauthorized filing against estate property in knowing violation of the automatic stay. Trustee warned that if Badea did not withdraw the offensive lien, he would file a motion to expunge the document and seek an award for fees and costs. Badea responded that he would not withdraw the Mechanics' Lien and that he was filing a civil suit against Trustee in the

5

federal district court.

In response, Trustee moved to expunge the Mechanics' Lien and to hold Badea in contempt for violating the automatic stay ("Motion to Expunge"). Trustee argued that Badea knew the Property was an estate asset when he recorded the Mechanics' Lien in July 2017 and that this was another attempt to hinder and delay Trustee's attempts to marshal and liquidate the Property. Trustee further argued that, even if the Mechanics' Lien was not void for violating the automatic stay and Badea, who was not a licensed contractor, actually performed work on the Property, Badea failed to comply with state law requirements for perfecting the lien; thus, it was invalid and could be expunged on that basis. Trustee requested that Badea be held in contempt under § 105(a) for his willful violations of the stay by (1) recording and refusing to withdraw his frivolous Mechanics' Lien against estate property and (2) fraudulently renting the Property to Papin and collecting $900 from her. Trustee requested sanctions of attorney's fees and costs incurred in prosecuting the Motion to Expunge.

Badea opposed the Motion to Expunge. He explained that Sarau was the owner of record at the time he contracted with her on "May 2, 2016" to do work on the Property in the "summer of 2016." Badea claimed that Sarau stopped paying him once the default judgments were entered against her and George in January 2017, and that he was forced to file the Mechanics' Lien as a result. Badea argued that the upgrades he did on the Property

6

doubled its value and that voiding the Mechanics' Lien would allow unjust enrichment for Trustee at Badea's expense.

After a hearing, the bankruptcy court entered an order granting the Motion to Expunge ("Expungement Order"). The Mechanics' Lien was deemed void and expunged, and Badea was found in civil contempt for willfully and knowingly violating the automatic stay by recording the Mechanics' Lien. Because the court deemed the Mechanics' Lien void on the basis that it violated the stay, it did not reach the issue of the lien's validity and whether Badea properly perfected it under Nevada law. The court ordered Badea to pay Trustee the attorney's fees and costs incurred in prosecuting the Motion to Expunge. Trustee was ordered to submit an affidavit of attorney's fees and costs within 10 days of entry of the Expungement Order. Badea timely appealed the Expungement Order.

After Badea's appeal, the bankruptcy court entered an order finalizing the award of fees and costs ("Fee Order"). Badea did not appeal the Fee Order or file an amended notice of appeal to include the amount of the fees and costs.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Did the bankruptcy court identify and apply the correct law to

determine that Badea willfully violated the automatic stay by recording the Mechanics' Lien?

2.     Did the bankruptcy court abuse its discretion by awarding Trustee attorney's fees and costs?

## IV. STANDARDS OF REVIEW

Whether the automatic stay provisions of § 362(a) have been violated is a question of law reviewed de novo. *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014); *Keller v. New Penn Fin., LLC (In re Keller)*, 568 B.R. 118, 121 (9th Cir. BAP 2017). Whether a party willfully violated the stay is a factual finding we review for clear error. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002); *Ozenne v. Bendon (In re Ozenne)*, 337 B.R. 214, 218 (9th Cir. BAP 2006). Factual findings are clearly erroneous if they are illogical, implausible or without support in the record. *In re Keller*, 568 B.R. at 121 (citing *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010)).

We review the bankruptcy court's decision regarding civil contempt for abuse of discretion. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003); *In re Keller*, 568 B.R. at 122. A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

////

8

# V. DISCUSSION

**A.** **The bankruptcy court did not identify or apply the correct law to determine that Badea willfully violated the automatic stay by recording the Mechanics' Lien.**

An automatic stay is created upon the filing of the bankruptcy case. § 362(a). Actions taken in violation of the automatic stay are void. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir.1992); *Cty. of Imperial Treasurer–Tax Collector v. Stadtmueller (In re RW Meridian LLC)*, 564 B.R. 21, 28 (9th Cir. BAP 2017).

Badea filed his chapter 7 bankruptcy case on February 12, 2015, which stayed "any act to create, perfect, or enforce any lien against property of the estate." § 362(a)(4). Badea recorded his Mechanics' Lien for the alleged unpaid construction work he did for Sarau on the Property on July 11, 2017. Trustee recovered the Property for the estate approximately six months earlier on January 24, 2017. Trustee's judgments recovering the Property were recorded on May 8, 2017.

For purposes of awarding damages, violations of the automatic stay must be "willful." A violation is willful if (1) the party knew of the stay and (2) the party's actions which violated the stay were intentional. *In re Dyer*, 322 F.3d at 1191; *Yellow Express, LLC v. Dingley (In re Dingley)*, 514 B.R. 591, 596 (9th Cir. 2014). The Property was undoubtedly property of the estate on July 11, 2017. And the bankruptcy court did not err in finding that Badea

9

knew the stay was in effect on July 11, 2017, when he committed the intentional act of recording his Mechanics' Lien: Badea was aware of the January 2017 judgments against George and Sarau terminating their ownership interest in the Property and awarding title to Trustee, and the public record reflected that Trustee was the owner of record.

Nonetheless, § 362(b)(3) *excludes* from the stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under [§] 546(b)[.]" The relevant portion of § 546(b) in turn provides that the rights of the trustee "are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." § 546(b)(1)(A). "Generally applicable law" includes state law. *Boggan v. Hoff Ford, Inc. (In re Boggan)*, 251 B.R. 95, 99 (9th Cir. BAP 2000) (citing *Village Nurseries v. Gould (In re Baldwin Builders)*, 232 B.R. 406, 410 (9th Cir. BAP 1999)). Put another way, "[§]546(b) permits postpetition perfection of a lien if state law provides that upon perfection the lien is superior to other liens or encumbrances having priority in time." *Indus. Indem. Co. v. Seattle-First Nat'l Bank (In re N. Side Lumber Co.)*, 83 B.R. 735, 738 (9th Cir. BAP 1987), *aff'd*, 865 F.2d 264 (9th Cir. 1988) (unpublished opinion).

In Nevada, a mechanics' lien attaches to the property being improved once "construction of a work of improvement" has "commenced" and will

10

take a priority position over a deed of trust regardless of when the notice of lien is recorded. NRS 108.225; *Byrd Underground, LLC v. Angaur, LLC,* 332 P.3d 273, 277 (Nev. 2014). Thus, as long as the "work of improvement" began before the trust deed's recordation, the lien claimant will be given priority, because "all mechanics' liens relate back to the date overall construction is commenced." *Byrd Underground, LLC*, 332 P.3d at 277. Anyone who acquires rights in the property after the mechanics' lien attaches, but before the lien is perfected, will be subject to the lien if it is later perfected. A mechanics' lien in Nevada is "perfected" when the contractor records the notice of lien in accordance with the statutory requirements. *See* NRS 108.226.[2]

The mechanics' lien law in Nevada is a "generally applicable law" falling within § 546(b), because it allows a contractor to acquire an inchoate

---

[2] NRS 108.226 provides:

1. To perfect a lien, a lien claimant must record a notice of lien in the office of the county recorder of the county where the property or some part thereof is located in the form provided in subsection 5:
    (a) Within 90 days after the date on which the latest of the following occurs:
        (1) The completion of the work of improvement;
        (2) The last delivery of material or furnishing of equipment by the lien claimant for the work of improvement; or
        (3) The last performance of work by the lien claimant for the work of improvement; or
    (b) Within 40 days after the recording of a valid notice of completion, if the notice of completion is recorded and served in the manner required pursuant to NRS 108.228.

lien against property before the date of perfection; subsequent perfection causes the lien to relate back to the time of its attachment and have priority over someone, including a chapter 7 trustee, who acquires a right in the property between such attachment and perfection. *See In re Cook*, 384 B.R. 282, 288 (Bankr. N.D. Ala. 2008) (applying similar Alabama mechanics' lien law). *See also In re N. Side Lumber Co.*, 865 F.2d 264, at *1 ("Federal courts have interpreted [the] language of [§ 362(b)(3) and § 546(b)] as excepting from [§]362(a)(4)'s automatic stay of any act of *perfection* which *relates back* to a prior act of *creation*, and which is therefore effective against an interest in the property acquired in the interim.").

Badea's recording of the Mechanics' Lien on July 11, 2017, was an act to "perfect" his inchoate lien against the Property that might have attached in May or July 2016. Although Badea claimed two different dates for when he entered into the contract with Sarau — May 2, 2016 and July 15, 2016 — he did not state on what date the work actually commenced, which is the relevant date. However, according to Badea's statement in the Mechanics' Lien, he may have started the work in July 2016. In any case, assuming any lien attached in either May or July 2016, the Mechanics' Lien, if valid, "related back" to at least July 2016.

Generally, the act of perfecting a mechanics' lien would be excepted from the automatic stay pursuant to § 362(b)(3) and § 546(b)(1)(A). The usual case involves a contractor who began work and obtained an inchoate

12

mechanics' lien prepetition, and the property owner files for bankruptcy before the contractor was able to perfect the lien. Under § 362(b)(3) and § 546(b)(1)(A), the contractor may perfect the mechanics' lien postpetition without violating the automatic stay. The difference in this case is the timing. The Mechanics' Lien, if legitimate and properly perfected, related back to at least July 2016, which was postpetition but before Trustee recovered the Property in January 2017. In July 2016, Sarau held title to the Property, which is what Badea argued before the bankruptcy court and argues on appeal. As a threshold matter, the court did not determine whether the Property was property of the estate protected by the automatic stay in July 2016. Badea could only violate the stay if the Property was estate property at that time. Further, even if the Property was estate property in July 2016, the question remains whether Badea knew of the stay in order to "willfully" violate it because Sarau, a non-debtor, held record title at that time. Notably, Trustee did not even file his adversary complaint against Sarau until July 28, 2016.

There is also the issue of what appears to be a postpetition *creation* of a mechanics' lien. Indeed, while postpetition *perfection* of a mechanics' lien may be permissible, the *creation* of such a lien postpetition is not. *See In re N. Side Lumber Co.*, 83 B.R. at 738. The exception under § 362(b)(3) and § 546(b) is only for *perfection*. The § 362(a)(4) prohibition on any act to *create* a lien retains its force despite § 362(b)(3) and § 546(b). Badea's inchoate lien

13

right, if any, was perhaps created in May or July 2016. Either date was postpetition and would seem to violate § 362(a)(4). However, Badea's act of creating the lien only violated the automatic stay if the lien was created against property of the estate. As we noted above, it is not clear whether the Property was property of the estate in May or July 2016. And, again, even if it was, it is not clear whether Badea knew of the stay to willfully violate it.

The bankruptcy court does not appear to have considered, and Trustee did not address, any of these issues. While we appreciate the desire to expunge what may be a bogus lien by way of motion and impose sanctions on an obstinate debtor, the court abused its discretion to the extent it did not identify and apply the correct law in this case. Accordingly, we will VACATE the Expungement Order and REMAND to allow the parties and the court an opportunity to deal with these issues, which may involve the resolution of factual issues.

We note that we are not deciding the validity of the Mechanics' Lien or whether Badea may have an administrative claim against the estate. We further note that our decision does not foreclose Trustee's ability to seek sanctions against Badea for his renting of the Property to Papin in September 2017, which was an obvious attempt to exercise control over property of the estate in violation of § 362(a)(3). We recognize that Trustee's likely success there will not resolve the Mechanics' Lien issue, which is

14

what he is trying to accomplish. However, the better course of action for that matter may be to file an adversary proceeding against Badea, which appears necessary in any case since the lien's validity is in dispute. Rule 7001(2).

**B.      We lack jurisdiction to determine whether the bankruptcy court abused its discretion by awarding Trustee attorney's fees and costs.**

Badea argues that the bankruptcy court abused its discretion by awarding Trustee attorney's fees and costs because Trustee has profited handsomely from the sale of the Property. After Badea filed his notice of appeal of the Expungement Order, the bankruptcy court entered the Fee Order finalizing the fee and cost award to Trustee as a compensatory sanction for Badea's willful violation of the automatic stay. Badea did not appeal the Fee Order or file an amended notice of appeal to include the subsequent Fee Order. If he had done so, the appeals could have been consolidated. *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir.1983) ("If a district court decides a fee issue early in the course of a pending appeal on the merits, and the fee order is appealed, the appeals may be consolidated.").

"An order 'finding appellant liable for attorney's fees and costs but without determining the specific amount of that award is not a final and appealable order.'" *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir.1989) (quoting *Gates v. Cent. States Teamsters*

*Pension Fund*, 788 F.2d 1341, 1343 (8th Cir.1986)) (holding that district court's order imposing sanctions but not setting an amount was not a final or appealable order). *See also Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir.1996) (order stating that the court would award attorney fees and costs was not a final, appealable order where the amount of fees and costs had yet to be determined and the court had requested further submissions from both parties to aid that determination).

And the exception for a premature appeal under Rule 8002(a) does not apply here. Rule 8002(a) is the parallel rule to Federal Rule of Appellate Procedure 4(a)(2) and is to be construed in the same manner. *Arrowhead Estates Dev. Co. v. U.S. Trustee (In re Arrowhead Estates Dev. Co.)*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under FRAP 4(a)(2), a premature appeal can be treated as timely filed but only when all that remained when the notice was filed was the clerk's ministerial task of entering a judgment. *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991); *Kennedy*, 90 F.3d at 1483; *Kendall v. Homestead Dev. Co. (In re Jack Raley Const., Inc.)*, 17 F.3d 291, 294 (9th Cir. 1994). In *Kennedy*, the Ninth Circuit held that the remaining task of determining the amount of attorney fees and costs, particularly when the court was still requesting submissions on that issue, precluded the court from treating the appeal of the fee award as timely. 90 F.3d at 1483. The same is true here. The bankruptcy court instructed Trustee to file a declaration for the amount of fees and costs claimed as a sanction. Clearly,

there was more than a "ministerial task" to finish.

Accordingly, we are unable to review the merits of the bankruptcy court's decision to sanction Badea or the amount of the fees and costs awarded. However, vacating and remanding the Expungement Order, which includes the contempt finding and sanction awarding Trustee fees and costs, effectively voids the Fee Order, because the finalized fee award cannot stand without a determination that Badea willfully violated the automatic stay.

## VI. CONCLUSION

For the foregoing reasons, we VACATE the Expungement Order and REMAND for further proceedings consistent with this decision.